**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**BILDRICK JACKSON**                                                          **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO.: 4:18CV142-RP**

**MICHAEL K. RALDOLPH,
JAMES W. KITCHENS, and
JAMES D. MAXWELL**                                            **DEFENDANTS**

## ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Bildrick Jackson, an inmate in the custody of the Mississippi Department of Corrections, has filed suit pursuant to 42 U.S.C. § 1983 alleging Defendants have denied him his State-created right to DNA testing. Plaintiff having consented to U.S. Magistrate Judge jurisdiction in this case in accordance with 28 U.S.C. § 636(c), the undersigned has the authority to enter this order and the accompanying final judgment.

**I. Background**

Bildrick Jackson was accused of murdering Natalia Little in 2001, though her body was never discovered. To establish Little's death at trial, the prosecution presented blood evidence from rock and soil samples near where Little was purportedly murdered, the mitochondrial DNA testing of which matched the DNA of the victim or someone in her maternal lineage. Jackson was ultimately convicted of murder and sentenced to a term of life imprisonment. The judgment of the trial court was affirmed on appeal. *Jackson v. State*, 924 So. 2d 531 (Miss. Ct. App. 2005), *reh'g denied* January 3, 2006, *cert denied* March 23, 2006.

On September 12, 2016, Jackson filed an application for leave to proceed in the trial court on a motion for forensic DNA testing pursuant to the Mississippi Uniform Post-Conviction Relief Act, Miss. Code Ann. § 99-39-5(1)(f). In the application, he argued that "advancements in DNA forensic testing since [his] trial" would prove his innocence. Doc. #1 at 8. Specifically,

Jackson requested that an expert be permitted to perform nuclear DNA testing, which would allow examiners to obtain complete DNA profiles from the previously-tested samples in Jackson's case. *Id*. at 10-11. On June 6, 2017, the Mississippi Supreme Court denied Jackson's application for leave to proceed in the trial court on a motion for forensic DNA testing. *Id*. at 61.

On or about July 12, 2018, Jackson filed the instant complaint, arguing that the Mississippi Supreme Court's denial of his postconviction application deprived him of his rights to due process. He asks the Court to issue declaratory and injunctive relief entitling him to nuclear DNA testing.[1]

## II. Screening Standards

Because Jackson was incarcerated when he filed the instant lawsuit, it is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915A. Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915A(b)(1) & (2). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## III. Discussion

As an initial matter, the Court finds that Defendants, as judges of the Mississippi Supreme Court, are immune from suit for actions taken in their judicial capacities. *See Mireles*

---

[1] Jackson also has a federal habeas action pending concerning the State's denial of his request for DNA testing, though the Magistrate Judge has found such a claim is not cognizable in federal habeas and has recommended that the action be dismissed. *See Jackson v. Hall*, 4:17cv114-DMB-JMV (N.D. Miss).

*v. Waco*, 502 U.S. 9, 11(1991). Inasmuch as ruling on a motion is clearly a "function normally performed by a judge," the defendants' actions were judicial in nature. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Therefore, Defendants are immune from suit and are entitled to be dismissed from this action.

The Court otherwise notes that Mississippi law permits a convicted inmate to file a motion requesting forensic DNA testing if, as is relevant here, "there exists biological evidence secured in relation to the investigation or prosecution attendant to the petitioner's conviction not tested, or, if previously tested, that can be subjected to additional DNA testing, that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution." Miss. Code Ann. § 99-39-5(1)(f).

The United States Supreme Court has recognized that when a State provides procedures for convicted inmates to demonstrate their innocence with new evidence, a limited liberty interest in postconviction relief is created. *Dist. Atty's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 67-69 (2009) (noting in such circumstances, an inmate possesses an "liberty interest in demonstrating his innocence with new evidence under state law"). Federal courts may upset a State's postconviction relief procedure only if it is "fundamentally inadequate to vindicate the substantive rights provided." *Id*. at 69. That is, a court may intervene only if consideration of the plaintiff's claim "within the framework of the State's procedures for postconviction relief 'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,' or 'transgresses any recognized principle of fundamental fairness in operation.'" *Id.* at 69 (citation omitted).

In *Osborne*, the Supreme Court upheld Alaska's postconviction relief procedures under this standard, since, in part, the statute provided for relief if the defendant made a "clear and

3

convincing" showing that new evidence established innocence, and the procedures exempted defendants from otherwise applicable time limits. *See id.* at 64-65. Therefore, the Court found, Alaska's procedures were similar to other states and "not inconsistent with the 'traditions and conscience of our people' or with 'any recognized principle of fundamental fairness.'" *Id.* at 70. Here, the Mississippi statute requiring only a "reasonable probability" that the newly tested evidence would establish innocence, is less stringent than that upheld in *Osborne*. It similarly allows an exemption for otherwise untimely motions. *See* Miss. Code Ann. § 99-39-5(2). Accordingly, Mississippi's postconviction procedures are sufficiently similar on their face to those upheld in *Osborne* so as not to violate due process.

The crux of Jackson's complaint, however, is not that Mississippi's statutory procedure is inadequate, but rather, that the judicial decision rejecting his request is wrong. Jackson's argument is that, if nuclear testing were allowed in this case, it would show that the blood evidence presented at his trial did not originate with Natalia Little, and therefore, the State could not prove her death. However, nuclear DNA testing would not demonstrate that Natalia Little is alive. Mitochondrial DNA testing has established that the blood evidence belonged to Little or someone in her maternal line. There is no suggestion that any female other than Little is missing from the family's maternal line, and Little has not been seen since 2001. *See* Doc. #1 at 49. Additionally, at trial, witness Tavares Love testified that Little and Jackson left his vehicle together, that he later heard a shot and looked up to see Jackson holding a gun, and that he subsequently assisted Jackson in moving a body and throwing it in the river. *Jackson v. State*, 924 So. 2d 531, 546-47 (Miss. Ct. App. 2005). Accordingly, the Court finds that, even if it were to determine all other statutory prerequisites were met in this case, Jackson has not demonstrated a reasonable probability that nuclear DNA testing would establish his innocence.

### IV. Conclusion

For the reasons set forth above, the instant complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. All pending motions are **DISMISSED AS MOOT**. A final judgment in accordance with this Order will enter today.

**SO ORDERED** this 3rd day of August, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE